**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**DONALD R. SHULER**
Barkes, Kolbus & Rife, LLP
Goshen, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Jan 20 2012, 9:25 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| NICHOLAS A. MEADE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 43A05-1106-CR-311 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE KOSCIUSKO SUPERIOR COURT
The Honorable Joe V. Sutton, Judge
Cause No. 43D03-0804-FD-72

**January 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Nicholas Meade appeals the sentence imposed by the trial court following the trial court's determination that he violated his probation. We affirm.

## FACTS AND PROCEDURAL HISTORY

On July 24, 2008, Meade pled guilty to Class D felony nonsupport of a dependent. On August 21, 2008, the trial court imposed a two-and-one-half-year sentence and suspended the entire sentence to probation. As conditions of his probation, the trial court ordered Meade to: (1) pay all child support obligations; (2) pay $2500 per year toward his child support arrearage; (3) maintain full-time employment; (4) submit to wage withholding; (5) apply all tax intercepts and bond distributions to the arrearage; (6) maintain current residential and employment information with the trial court and the Title IV-D division of the Kosciusko County Prosecutor's Office ("Title IV-D Office") and contact the trial court and the Title IV-D Office in writing within seventy-two hours of any change to his address or employment status; (7) to submit to a drug screen; and (8) refrain from consuming drugs or alcohol.

On January 7, 2009, the State filed a verified petition alleging that Meade had violated the terms of his probation by failing to: (1) pay his current child support obligation of $61.00 per week; (2) pay any amount toward his arrearage; (3) maintain full-time employment; and (4) submit to wage withholding. On June 25, 2009, Meade admitted that he had violated the terms of his probation. As a result of Meade's probation violation, the trial court imposed a six-month executed sentence and continued Meade on probation for a term of two years following the executed portion of his sentence.

On February 24, 2011, the State filed a second verified petition alleging that Meade

2

had violated the terms of his probation by failing to make any child support payments. The trial court conducted a probation revocation hearing during which Meade admitted that he made no support payments between September 2008 and February 2011 and a representative of the Title IV-D Office testified that Meade had paid nothing toward his $17,953 arrearage.[1] At the conclusion of the probation revocation hearing, the trial court found Meade to be in violation of his probation. On June 13, 2011, the trial court conducted a sentencing hearing after which it imposed a two-and-one-half-year sentence, which was the maximum available. In imposing the two-and-one-half-year sentence, the trial court ordered that Meade should receive "good time credit at the rate of one (1) day for each day served and credit for any jail time served from the time of the original arrest on the underlying charge to this date." Appellant's App. p. 64. This appeal follows.

## DISCUSSION AND DECISION

Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

*Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (quotations omitted).

---

[1] We note that pursuant to Indiana Code section 35-46-1-5, a person who knowingly or intentionally fails to provide support to his dependent child commits nonsupport of a child, a Class C felony, if the total amount of unpaid support that is due and owing is at least $15,000.

Indiana Code section 35-38-2-3 provides, in relevant part, as follows:

(a) The court may revoke a person's probation if:
    (1) the person has violated a condition of probation during the probationary period;
                                    ****
(g) If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:
    (1) Continue the person on probation, with or without modifying or enlarging the conditions.
    (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
    (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

In the instant matter, the trial court found that Meade violated the terms of his probation by failing to make any child support payments. On appeal, Meade does not argue that the trial court abused its discretion in revoking his probation, but rather that the trial court abused its discretion in imposing the maximum available two-and-one-half-year sentence.

In arguing that the trial court abused its discretion in imposing the maximum available two-and-one-half-year sentence, Meade argues that his actions did not represent the worst of offenders. Meade argues that he did not commit a new crime and his violation was not the result of violence or drugs.[2] Meade also argues that several mitigating factors, including physical, mental, and transportation issues hindered his ability to obtain employment. Meade does not specify on appeal what physical or mental issues he suffers from that would impact

---

[2] While it does not appear to have been a factor considered by the trial court in finding that Meade had violated his probation, the record demonstrates that Meade tested positive for marijuana on or about June 18, 2009.

his ability to obtain full-time employment. While the record indicates that Meade told his probation officer that he could not look for employment because he was suffering from back and spleen problems and that he thought he might have cancer, problems with his teeth, or a heart condition, Meade did not provide any documentation to either his probation officer or the trial court showing that he was suffering from any of these alleged ailments.

Moreover, the record indicates that Meade was in fact capable of obtaining employment when he chose to do so. Meade obtained employment at Williams Tree Company after the trial court found him to be in violation of his probation. Meade, however, only worked at Williams Tree Company for eight days before quitting so that he could "take care of stuff." Tr. p. 126. During the course of this short-lived employment, Meade's wages were garnished and he made one child support payment in the amount of $110. This is the only child support payment that Meade made in over two and one-half years.

While Meade's probation violation may not be the result of any violence or drugs, the record demonstrates an absolute refusal by Meade to comply with the terms of his probation by obtaining employment and supporting his children. Meade was given ample opportunities to obtain employment but, rather, decided to spend his time fishing and consuming marijuana. Meade was instructed on multiple occasions to obtain full-time employment or at least to create a job log documenting where he was applying for employment. Meade, however, repeatedly failed to do so. Meade also failed to provide any medical documentation indicating that he was physically or mentally unable to work. Thus, we conclude that the trial court properly found that Meade "knowingly, intentionally and willfully fail[ed] to pay

5

support when [he had] the ability to do so." Tr. p. 105. In light of Meade's knowing, intentional, and willful failure to obtain employment and support his children, we conclude that the trial court acted within its discretion in imposing the maximum-available two-and-one-half-year sentence.

The judgment of the trial court is affirmed.

KIRSCH, J., and BARNES, J., concur.